IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| COURTNEY GOUSMAN<br>12827 Blue Spruce Drive, # 208<br>Plainfield, Illinois 60585<br><br>                        Plaintiff,<br><br>vs.<br><br>THE E.W. SCRIPPS COMPANY<br>d.b.a. WEWS<br>c/o Corporation Service Company<br>1160 Dublin Road, Suite 400<br>Columbus, Ohio 43215<br><br>                        Defendant. | CASE NO.:<br><br>JUDGE:<br><br>**COMPLAINT FOR DAMAGES**<br><br>(JURY DEMAND ENDORSED<br>HEREIN) |

Plaintiff Courtney Gousman, by and through the undersigned, and as her Complaint against Defendant states and avers the following:

### PARTIES & VENUE

1. Gousman is a former employee of The E.W. Scripps Company ("Scripps").

2. Gousman is a resident of Kendall County, Illinois.

3. Scripps is a domestic corporation that operates television stations nationwide, including WEWS in Cleveland, Ohio.

4. At all times material herein, Scripps was an employer, pursuant to 42 U.S.C. § 2000(e)(b)

5. At all times material herein, Gousman was an employee, pursuant to 42 U.S.C. § 2000(e)(f).

6. At all times material herein, Scripps was an employer as that term is used in the Equal Pay Act, 29 U.S.C. § 201 *et seq.*

7. Jurisdiction is proper over Scripps pursuant to 28 U.S.C. § 1331, in that Gousman is alleging federal law claims arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), *et seq.* and the Equal Pay Act.

8. Within 300 days of the conduct alleged below, Gousman filed a charge with the Equal Employment Opportunity Commission ("EEOC"), specifically Charge No. 532-2024-00716.

9. On March 20, 2024, Gousman received a Right to Sue Letter, dismissing her EEOC charge and providing her with the right to bring the instant matter.

10. Gousman has properly exhausted her administrative remedies.

11. Venue is properly placed in the Unites States District Court for the Northern District of Ohio, Eastern Division, because it is the Court for the district, division, and county within which a substantial part of the events giving rise to this Complaint occurred.

12. This Court is a court of general jurisdiction over all subject matters of this Complaint and the claims presented herein.

## FACTS

13. On or about September 1, 2020, Scripps hired Gousman as an anchor at WEWS-TV in Cleveland, Ohio.

14. Gousman is a black female.

15. A few months into Gousman's employment with Scripps she approached WEWS's news director and asked what, if anything, WEWS was doing to celebrate Black History Month.

16. Only after Gousman's inquiry did WEWS ask her to shoot a promotional spot related to Black History Month, and it did so without providing Gousman any meaningful preparation time.

17. Shortly thereafter, Gousman complained to WEWS's news director that its NFL Draft promotional spot featured three white male colleagues and no women or persons of color.
18. In October of 2022, Gousman again raised concerns about a lack of inclusion of underrepresented minorities on a WEWS's special broadcast team, this time related to the station's pre-game coverage of an NFL Halloween game between the local Cleveland Browns and their in-state rival, the Cincinnati Bengals.
19. In February of 2023, WEWS informed Gousman, who gave birth to her first child a year and a half prior, that it was taking her off of the eleven o'clock nightly newscast. Not only did this result in an all-white, all-male eleven o'clock team, but when Gousman met with WEWS' news director and an HR manager, Gousman was told that the change would be better for her family and that they would now be able to eat dinners together.
20. That same month, Gousman again complained to WEWS management about its lack of commitment to Black History Month.
21. On March 1, 2023, Gousman met with WEWS's news director and reiterated her concerns about being taken off the eleven o'clock newscast, which left that program with three white males.
22. In July of 2023, Scripps informed Gousman that it was not renewing her contract.
23. While Scripps chose to not renew Gousman's contract, it did retain the services of her white male co-anchor who, upon information and belief, was paid more than Gousman, despite having less hard news experience.
24. Scripps chose to remove Gousman from the eleven o'clock newscast because of Gousman's gender.

25. Scripps chose to non-renew Gousman on the basis of her gender and race, in contravention of Title VII of the Civil Rights Act of 1964.

26. In the alternative, Scripps chose to not-renew Gousman in retaliation for her complaints about gender and race discrimination in the workplace.

27. As a direct and proximate result of Scripps' unlawful conduct, Gousman has suffered, and will continue to suffer, damages.

## COUNT I: DISCRIMINATION IN VIOLATION OF TITLE VII AND OHIO REV. CODE § 4112

28. Gousman realleges all prior paragraphs of this Complaint.

29. Gousman is a black female and, as such, is in protected classes pursuant to Title VII of the Civil Rights Act of 1964 and Ohio Rev. Code § 4112.

30. Scripps' decision to remove Gousman from the eleven o'clock newscast was made on the basis of Gousman's gender.

31. Scripps chose to not renew Gousman's contract, while retaining a white male coworker, because of Gousman's race and gender.

32. Scripps' decision to not renew Gousman contract because of her gender and race was a violation of Title VII of the Civil Rights Act of 1964 and Ohio Rev. Code § 4112.

33. As a direct and proximate result of Scripps' unlawful conduct, Gousman has suffered and will continue to suffer damages.

## COUNT II: RETALIATION IN VIOLATION OF THE TITLE VII AND OHIO REV. CODE § 4112

34. Gousman realleges all prior paragraphs of this Complaint

35. Gousman's complaints about lack of opportunity and exposure for persons of color and women were protected activity under both Title VII of the Civil Rights Act of 1964 and Ohio Rev. Code § 4112.

36. Gousman's complaints about being removed from the eleven o'clock newscast on the basis of gender, and her complaint that her removal left that team with no persons of color, were protected activity under both Title VII of the Civil Rights Act of 1964 and Ohio Rev. Code § 4112.

37. Scripps' decision to not renew Gousman's contract was made with retaliatory animus for her prior legally protected activities and was unlawful retaliation pursuant to Title VII of the Civil Rights Act of 1964 and Ohio Rev. Code § 4112.

38. As a direct and proximate result of Scripps' unlawful conduct, Gousman has suffered and will continue to suffer damages.

## COUNT III: DISCRIMINATION IN VIOLATION OF THE EQUAL PAY ACT

39. Gousman realleges all prior paragraphs of this Complaint.

40. Upon information and belief, Scripps paid Gousman's male co-anchor more than it paid Gousman, despite the fact that Gousman and that male co-anchor performed equal work in jobs requiring equal skill, effort, and responsibility.

41. Scripps intentionally violated the Equal Pay Act, 29 U.S.C. § 206(d) by paying Gousman at a lower rate than a similarly situated and/or comparable male employee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Courtney Gousman respectfully requests that this Honorable Court grant the following relief:

1. An order requiring Scripps to retroactively restore Gousman to one of the positions to which she was entitled by virtue of her service and qualifications, and expunge her personnel file of all negative documentation;

2. An award against Scripps of damages to compensate Gousman for back pay, front pay, emotional distress, other consequential damages, and, as to Gousman's Equal Pay Act claim, liquidated damages, in an amount in excess of $25,000 per claim;

3. An award of punitive damages against Scripps in an amount in excess of $25,000;

4. An award of reasonable attorney's fees and costs for Gousman's claims as allowable and/or required under law;

5. Any award of other relief that this Court may deem necessary and proper.

Respectfully submitted,

*s/ Peter C. Mapley*
Peter C. Mapley (0092359)
**SOBEL, WADE & MAPLEY, LLC**
65 Erieview Plaza, #610
Cleveland, Ohio 44114
(216) 223-7213
mapley@swmlawfirm.com

*Attorney for Plaintiff*

## JURY DEMAND

Plaintiff Courtney Gousman demands a trial by jury by the maximum number of jurors permitted.

*s/ Peter C. Mapley*
Peter C. Mapley (0092359)